# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| PHILLIP EDWARDS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-072 |
| | ) | |
| STATE OF GEORGIA; WAL-MART | ) | |
| HWY 17, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Phillip Edwards, Jr., brings this 42 U.S.C. § 1983 action against the State of Georgia and "Wal-Mart Hwy 17, Inc." Doc. 1. The Court is screening his prisoner Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines Plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

# I.   BACKGROUND[2]

Edwards is confined at Chatham County Detention Center.  Doc. 1 at 1.  He alleges that he is being prosecuted for shoplifting despite his actual innocence (his female companion shoplifted while he waited in the car, having forgotten his wallet at home).  *Id.* at 7-8.  He claims he is falsely accused and his character slandered, and that the State is knowingly continuing the prosecution despite a Wal-Mart employee's clear testimony that he is innocent.  *Id.* at 8 (at his preliminary hearing, the Wal-Mart representative testified that she had observed him enter and exit the store (in person or on camera, it isn't clear), and that she believed he "wasn't involved in any shoplifting acts/crime"; the judge denied bond anyway and sent the case on to superior court).

# II.   ANALYSIS

Liberally construed, plaintiff's cause of action rests on a theory of malicious prosecution rather than "false accusation."   The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth

---

[2]    Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).   Conclusory allegations, however, fail.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Amendment and a viable constitutional tort cognizable under § 1983."
*Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  But an essential
element of a malicious prosecution claim is the termination of the
criminal prosecution in the plaintiff's favor.  *Id.* at 882.  And here there
is no allegation that the Chatham County criminal case, CR-16-2055, was
resolved in his favor.  *See* doc. 1 at 7-8.  Indeed, at the time he filed his
complaint Edwards' state criminal case was and apparently is still
pending.  *See* attached (case status "pending," with a jury trial set to
begin the week of August 7, 2017).  He therefore cannot bring suit
challenging the wrongful issuance of legal process (his arrest warrant)
unless and until that prosecution is terminated in his favor or his
conviction is overturned.[3]  His malicious prosecution claims should be

---

[3]   In the event that such state court criminal proceeding has been finalized into a
conviction, Edwards would now be complaining of defects that necessarily imply its
invalidation.  In that case, § 1983 affords him no remedy: "[A] prisoner in state
custody cannot use a § 1983 action to challenge the fact or duration of his
confinement. . . .  He must seek federal habeas corpus relief (or appropriate state
relief) instead."  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites
omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the
exclusive remedy for a state prisoner who challenges the fact or duration of his
confinement and seeks immediate or speedier release, even though such a claim may
come within the literal terms of § 1983.").  And before he can bring a federal habeas
action, he must first exhaust his available state remedies through either a direct
appeal or a petition for collateral relief.  *Wilkinson*, 544 U.S. at 79 (federal "habeas
corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does
not"); 28 U.S.C. §§ 2254(b), (c).

DISMISSED.[4]

Finally, the Constitution does not forbid slander. *Paul v. Davis,* 424 U.S. 693 (1976) (an interest in reputation alone is not a liberty or property interest protected by the due process clause); *Williams v. City of Savavannah*, 2015 WL 994259, at *3 (S.D. Ga. Nov. 12, 2015) (defamation and slander claims are not actionable under § 1983). Therefore, defamation of plaintiff's character -- even if falsely accused of theft -- does not give rise to a claim under 42 U.S.C. § 1983 and his claim that defendants slandered him must also be **DISMISSED**.

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872

---

[4]   Moreover, the "State of Georgia" -- presumably the prosecutors who are pursuing the conviction and the judges handling the case (first at the preliminary hearing and then at trial) -- is immune from suit. *See* doc. 1 at 7-8. The State itself enjoys Eleventh Amendment immunity. Its judges are entitled to absolute immunity for all actions taken in their judicial capacity, except where they take action in a "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotes omitted). And absolute judicial immunity "applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Similarly, its prosecutors are entitled to absolute immunity from damages for their acts or omissions taken in the course of initiating a prosecution. *Id.* at 1242; *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent).

(11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's malicious prosecution claim is dead on arrival, and does not appear amendable.[5]

## III.   CONCLUSION

Accordingly, Phillip Edwards, Jr.'s Complaint should be **DISMISSED without prejudice.**  Meanwhile, it is time for plaintiff to pay his filing fee.  His PLRA paperwork reflects $63.18 in average monthly deposits.  Docs. 4 & 9.  He therefore owes a $12.64 initial partial filing fee.  *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  Plaintiff's custodian (or designee) shall remit the $12.64 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and

---

[5]   Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case.  He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above.  *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  19th   day of July, 2017.

_____

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



CHATHAM COUNTY, GA
# Eastern Judicial Circuit of Georgia

Home   Juvenile Court   Magistrate Court   Probate Court   Recorder's Court   State Court   Superior Court   Court Forms   Court Fees

July 13, 2017     Location: Case Details      Search...






## Case Details

### State
### VS.
### EDWARDS, PHILLIP

- Case Events
- Charges
- Parties
- Proceedings

| Case Information | |
|---|---|
| Court: | Superior |
| Case Number: | CR162055 |
| Case Type: | THEFT-F |
| Judge: | HONORABLE JOHN MORSE |
| Assistant District Attorney: | CRYSTAL D HARMON |
| Date Filed: | 11/8/2016 |
| Status: | ACTIVE - |
| Next Event: | 8/7/2017 JURY TRIAL |

| Defendant Information | |
|---|---|
| Name: | EDWARDS, PHILLIP |
| DIN: | P0511424 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 72 |
| Weight: | 195 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information
ROBERT PERSSE
PUBLIC DEFENDER"S OFFICE
SAVANNAH, GA
31401

### Bondsman Information
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 8/7/2017 | 10:00AM | JURY TRIAL | JOHN MORSE | |
| 6/12/2017 | 2:00PM | MOTION HEARING (MTH) | JOHN MORSE | |
| 6/12/2017 | 11:00AM | STATUS CONFERENCE HEARING | JOHN MORSE | |
| 2/2/2017 | 11:00AM | ARRAIGNMENT/CALENDAR CALL | JOHN MORSE | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-8-14 | THEFT BY SHOPLIFTING | 1 | FELONY | 7/26/2016 9:05:05 PM | |

[Return to Top]

### Proceedings

| | | | | |
|---|---|---|---|---|
| 8/7/2017 | 10:00AM | JURY TRIAL | JOHN MORSE | |
| 7/7/2017 | | MEMORANDUM | | PRO SE/ |
| 6/14/2017 | | ORDER | | ORDER ON DEF"S MOTION IN LIMINE REGARDING STATUS OF NON-TESTIFYING CODEFENDANTS/ |
| 6/12/2017 | 2:00PM | MOTION HEARING (MTH) | JOHN MORSE | |
| 6/12/2017 | 11:00AM | STATUS CONFERENCE HEARING | JOHN MORSE | |
| 4/28/2017 | | MOTION - IN LIMINE | GRANTED | MOTION IN LIMINE REGARDING STATUS OF NON- |

| | | | | TESTIFYING CODEFENDANTS/ |
|---|---|---|---|---|
| 4/19/2017 | | STATE"S DISCOVERY DISCLOSURE | | |
| 4/14/2017 | | STATE"S DISCOVERY DISCLOSURE | | STATE"S DEMAND FOR DISCOVERY PURSUANT TO OCGA SECTION 17-16-1, ET SEQ/STATE"S RESPONSE TO MOTIN FOR DISCOVERY FILED UNDER AUTHORITY OF OCGA 17-16-1, ET SEQ./STATE"S DEMAND THAT ANY AND ALL MOTIONS TO SUPPRESS BE PARTICULARIZED/LIST OF WITNESSES/ |
| 4/14/2017 | | STATE"S DISCOVERY DISCLOSURE | | STATE"S DEMAND FOR DISCOVERY PURSUANT TO OCGA SECTION 17-16-1 ET SEQ/STATE"S RESPONSE TO MOTION FOR DISCOVERY FILED UNDR AUTHORITY OF OCGA 17-6-1, ET SEQ./STATE"S DEMAND THAT ANY AND ALL MOTION TO SUPPRESS BE PARTICULARIZED/LIST OF WITNESSES |
| 4/12/2017 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | MOTION REQUESTING FREE COPY OF PRELIMINARY HEARING TRANSCRIPT/ |
| 4/12/2017 | | PRO SE LETTER RECEIVED | | PLEA IN BAR/ |
| 4/12/2017 | | PRO SE LETTER RECEIVED | | MEMORANDUM/ |
| 3/16/2017 | | PRO SE LETTER RECEIVED | | |
| 2/2/2017 | | PRETRIAL CONF SCHED ORDER | | |
| 2/2/2017 | 11:00AM | ARRAIGNMENT/CALENDAR CALL | JOHN MORSE | |
| 11/15/2016 | | MOTION - RESERVING RIGHT TO FILE ADDITIONAL MOTIONS | | CERT OF SVC/ |
| 11/15/2016 | | DEFENDANTS ELECTION TO PROCEED UNDER OCGA 17-16-1 | | |
| 11/15/2016 | | ORDER | | ORDER FOR APPLICATION FOR BOND, GRANTED $7000.00/ |
| 11/9/2016 12:26:35 PM | | SCN | | INITIAL CASE SCREENING / SCANNING |
| 11/8/2016 | | ACCUSATION FILED - ENTERED | | |

[Return to Top]

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

© Copyright 2017 - Chatham County Courts